Gregory G. Manning Chief of Police Longwood Police Department
QUESTION:
May the City of Longwood Police Department use contraband forfeiture funds to start a weekly teen dance, as a drug-free, safe community activity for youth in order to reduce juvenile crime and drug activity in the community?
SUMMARY:
A weekly teen dance with the primary purpose of crime and drug prevention may be supported with contraband forfeiture funds, if the governing body of the city determines that such a program is an appropriate law enforcement purpose.
The City of Longwood Police Department proposes a program to have weekly teen dances for ages twelve through eighteen. The dances would feature live music and would be chaperoned by officers of the Longwood Police Department. The focus of the program is to provide a drug-free atmosphere, while providing a safe community activity and, hopefully, reducing juvenile crime and drug activity.
The Florida Contraband Forfeiture Act, ss. 932.701-932.707, F.S.,[1]
authorizes a law enforcement agency effecting a forfeiture of seized property to sell or otherwise salvage or transfer the property to any public or nonprofit organization rather than retaining it for the law enforcement agency. If seized property is sold, the proceeds are disbursed in the following priority: satisfaction of any liens preserved by the court in the forfeiture proceedings; payment of costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of the property; and payment of court costs incurred in the forfeiture proceeding.[2]
If the seizing agency is a county or municipality, the remaining proceeds are deposited in a special law enforcement trust fund established by the board of county commissioners or the governing body of the municipality. Section 932.705(4)(a), F.S. (1992 Supp.), in pertinent part, provides:
 Such proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants.
An agency or organization, other than the seizing agency, wishing to receive contraband forfeiture funds may apply to the sheriff or the chief of police for an appropriation.[3] Application for such funds must be accompanied by a written certification that the moneys will be used for an authorized purpose. Funds received by the agency or organization may be spent under the following procedures:
1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate.
2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least 15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds.[4]
While the Florida Contraband Forfeiture Act has been recreated under Ch. 92-54, Laws of Florida, the limitations on the use of forfeiture funds has remained substantially the same.[5]
The previous opinions of this office on the use of such funds, therefore, are still viable.
Consistent in the previous opinions of this office is the conclusion that contraband forfeiture funds may be used only for those purposes set forth in the statute and appropriate law enforcement purposes, except normal operating expenses, as determined by the governing body of the municipality or county.[6]
There have been numerous instances where this office has concluded that expenditures were outside the scope of permissible uses for contraband funds.[7] Ultimately, however, the governing body of the municipality or county must make the decision whether the expenditure is for an appropriate law enforcement purpose.
In AGO 91-84, the Attorney General's Office was asked whether contraband forfeiture trust funds could be used to create and fund a police athletic league providing recreational activities for disadvantaged youths. This office was advised that the league would be a vehicle to provide a youth recreational program coached by volunteer police officers. There was no evidence that such a program constituted a normal operating expense of the municipal police department. The program's primary goal was to prevent or reduce crime by establishing a rapport between law enforcement officers and disadvantaged youths, while directing such youths away from criminal mischief by otherwise occupying their time.
While the opinion noted that achieving crime prevention through recreation supervised by volunteer police officers may not be a traditional method of crime prevention, it was recognized that preventing or reducing crime is a valid use of contraband forfeiture funds. Thus, this office concluded that trust funds could be used to create such an athletic league, if the chief of police requested the expenditure, certifying that it complied with the forfeiture act, and the city commission determined that the program served an appropriate law enforcement purpose.
Similar to the situation in AGO 91-84, a program providing recreational activities such as a teen dance is not a traditional method of crime or drug prevention. Crime and drug prevention must necessarily be the primary purpose of sponsoring such activities. If you, as chief of police, request the expenditure of forfeiture funds for such a purpose, certifying that the request complies with the forfeiture act, and the governing body of the city makes the determination that the program serves an appropriate law enforcement purpose, then contraband forfeiture funds may be used to support the weekly teen dances sponsored by the Longwood Police Department.
[1] See, s. 932.705(1)-(3), F.S., created by s. 5, Ch. 92-54, Laws of Florida (hereafter referred to as 1992 Supp.).
[2] Section 932.705(3), F.S. (1992 Supp.).
[3] Section 932.705(4)(c), F.S. (1992 Supp.).
[4] Id.
[5] Cf., ss. 932.701-932.704, F.S. (1991).
[6] See, AGO's 91-84, 86-48 and 83-9.
[7] See, AGO 83-9 (may not use contraband forfeiture funds to compensate a physician's assistant to render medical aid to county prisoners); AGO 84-69 (installation or maintenance of traffic control devices not permissible use of contraband forfeiture funds); and AGO 89-78 (may not use contraband forfeiture funds to augment salaries of police officers or pay tuition supplements to recruits).